

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1672
Re: Authority of Limitation of Payments
Board to authorize expenditures
supplementing a specific item of
appropriation.

By your letter of November 10th, you request the
opinion of this department upon the following question:

"Does the Limitation of Payments Board pro-
vided for in the rider to the General Appropria-
tion Bill passed by the Regular Session of the
Forty-sixth Legislature for the present biennium
have authority to grant a supplemental amount to
a specific item in the appropriation bill for of-
fice rent, such as found under item 5 of the 'Main-
tenance and Miscellaneous' appropriation for the
Barber Board?

"If your answer in the negative, then would
said Limitation of Payments Board have authority
to grant supplemental appropriations to any item
in a contingent expense appropriation, such as
listed in item 4 of the appropriation for the
State Board of Dental Examiners?"

Item 5 of the "Maintenance and Miscellaneous"
appropriation for the Barber Board reads as follows:

"Office rent ... $600.00."

Item 4 of the appropriation for the State Board
of Dental Examiners reads as follows:

"Postage, telephone, contingent expenses,
stationery, printing, supplies, equipment, of-
fice rent, publicity and auditing expenses ... $1,000.00"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. George H. Sheppard, Page 2.

The general rider appended to Senate Bill 402, 46th Legislature, provides in part as follows:

"(b) The appropriations herein provided are to be construed as the maximum sums to be appropriated to and for the several purposes named herein, and the amounts are intended to cover and shall cover the entire cost of the respective items, and the same shall not be supplemented from any other source; and, except as otherwise provided, no other expenditures shall be made, nor shall any other obligations be incurred by any department of this State, ..."

"Limitation of Payments. Except as otherwise provided, whenever, by virtue of the provisions of this Act, items are to be paid out of fees, receipts, special funds or out of other funds available for use by a department, it is the intention of the Legislature to limit expenditures out of said fees, receipts, special funds or other available funds to the purposes and in the amounts itemized herein, and it is so provided. If, however, the amount of the fees, receipts, special or other available funds herein referred to are more than sufficient to pay the items herein designated to be paid therefrom, the department to which the said fees, receipts, special funds or other available funds are appropriated may, if necessary to adequately perform the functions of said department, use any portion of said surplus fees, receipts, special funds or other available funds; provided, however, that before doing so, the head of such department shall under oath make application jointly to the Governor, the Attorney General and the State Treasurer setting forth in detail the necessity for using such surplus fees, receipts, special funds or other available funds and itemizing the purposes for which the same are to be used ..."

Paragraph (b) of the general rider prohibits the supplementing from any source of an amount provided for a specific item or purpose. This prohibition extends to the authority of the Limitation of Payments Board, so that that body is without authority to authorize additional expenditures by way of supplementing an item for which specific provision has been made by the Legislature. It follows that such items as Item 5 of the "Maintenance and Miscellaneous" appropriation

for the Barber Board may not be supplemented by authority of the Limitation of Payments Board, for the Legislature has seen fit to make a specific and separate provision for office rent, itemizing it in such manner that the amount available for that specific purpose is definitely ascertainable.

We have construed paragraph (b), where it states "except as otherwise provided, no other expenditures shall be made," to have relation to the limitation of payments clause, and to authorize the Limitation of Payments Board to permit the use of a portion of surplus fees, etc., necessary to adequately perform the functions of a department, for purposes for which specific provision has not been made by the Legislature. In other words, the authority of the Limitation of Payments Board extends only to the authorization of expenditures for purposes for which the Legislature has not provided a definite and ascertainable amount.

Since, in such items as Item 4 of the appropriation for the State Board of Dental Examiners, the Legislature has not provided a definite and fixed amount to be spent for postage, or to be spent for telephone, or to be spent for such other purposes as are lumped together in this item, but has, in reality, provided only an item for "Contingent Expenses," in such manner that the amount authorized to be spent for any particular purpose falling under such heading may not be ascertained, it is within the authority of the Limitation of Payments Board to authorize expenditures out of surplus fees for any purpose falling within the terms of Item 4, save and except traveling expenses, which, being governed by a peculiar and special provision of the general rider, may not be supplemented in any event, as held in our Conference Opinion No. 3089.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R W Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED NOV 17, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN